IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Jonathon Borrero, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:23-cv-01065-TMC-KDW |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden Charles Williams, Deputy Warden Daniel Harouff, Nurse Practitioner Amy Enloe, and Registered Nurse Catherine Burgess, ) | |
| ) | |
| Defendants. ) | |

This action arises out of a slip and fall on October 1, 2022. Plaintiff Jonathon Borrero, a state prisoner proceeding *pro se* and in forma pauperis (ECF No. 10), filed this § 1983 action against Warden Charles Williams, Deputy Warden Daniel Harouff, Nurse Practitioner Amy Enloe, and Registered Nurse Catherine Burgess in their individual and official capacity on March 16, 2023. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

The magistrate judge issued a proper form order advising Plaintiff that his complaint failed to allege sufficient facts concerning his fall to establish a constitutional deprivation. (ECF No. 9 at 2-3). The magistrate judge gave Plaintiff until April 5, 2023, to file an amended complaint. *Id.* When Plaintiff failed to file an amended complaint within the allotted timeframe, the magistrate judge issued a Report and Recommendation ("the Report"), recommending the undersigned dismiss the action. (ECF No. 17). However, Plaintiff subsequently filed a motion for an extension

1

of time. (ECF No. 20). He then filed a second motion for an extension of time to respond to the Report and to file an amended complaint (ECF No. 23) and submitted an amended complaint (ECF No. 25). Out of an abundance of caution, the undersigned granted Plaintiff's first motion for an extension of time (ECF No. 20) and declined to adopt the Report as moot. (ECF No. 28). The court also found the second motion for extension of time (ECF No. 23) to be moot. (ECF No. 26).

Thereafter, the magistrate judge issued a second proper form order on May 23, 2023. (ECF No. 34). Plaintiff complied with the order (ECF No. 37), and the magistrate judge directed the United States Marshals Service to serve the amended complaint on Defendants. (ECF No. 40). In his amended complaint, Plaintiff asserts violations of the "8th Amendment-cruel and unusual punishment, deliberate indifference." (ECF No. 25 at 4). Defendants, through counsel, collectively filed a motion to dismiss for failure to state a claim. (ECF No. 49). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and warning Plaintiff of the consequences of not responding to the motion to dismiss. (ECF No. 51). Plaintiff filed a response to the motion to dismiss. (ECF No. 53).

In her Report, the magistrate judge found Plaintiff failed to state a claim for relief that Defendants Williams, Harouff, and Burgess violated his constitutional rights. (ECF No. 64). Accordingly, she recommended the undersigned dismiss all claims brought against them. (ECF No. 64 at 13). However, the magistrate judge recommended the undersigned deny the motion as to Plaintiff's Eighth Amendment claim against Defendant Enloe. *Id*. The Report was electronically mailed to Defendants' attorneys via the CMECF system. It was also mailed to Plaintiff at his last known address provided to the court. (ECF No. 65). All parties were notified of their right to file objections to the Report and the deadline for such objections. (ECF No. 64 at 14). However, no

objections or responses to the Report have been filed, and the deadline to file such has since passed. This matter is now ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 64), which is incorporated herein by reference.  Therefore, the motion to dismiss (ECF No. 49) is **GRANTED in part and DENIED in part** as set forth herein.  The motion is **GRANTED** with respect to all claims brought against Defendants Williams, Harouff, and Burgess.  The motion is **DENIED** with respect to Plaintiff's Eighth Amendment claim against Defendant Enloe.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 9, 2024

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4