IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jonathon Borrero, ) | C/A No.: 5:23-1065-TMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Nurse Practitioner Amy Enloe ) | |
| ) | |
| Defendant. ) | |

Jonathan Borrero ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights against Nurse Practitioner Amy Enloe.[1] On August 1, 2024, Defendant Enloe filed a Motion for Summary Judgment, alleging Plaintiff failed to state a claim upon which relief may be granted and there are no genuine issues of material fact supporting a claim against her. ECF No. 74.

Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of such motions and of the need for him to file an adequate response. ECF No. 75. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's Motion may be granted, thereby ending this case against Defendant Enloe. *See id.* However, notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff failed to respond to the Motion for Summary Judgment. The deadline to respond was September 3, 2024.

---

[1] Plaintiff initially named other Defendants; however, by Order dated January 9, 2024, those Defendants were dismissed from this action.

On September 11, 2024, the court issued an order directing Plaintiff to advise the court whether he wished to continue with the case and to file a response to the Motion filed by Defendant Enloe by October 11, 2024. ECF No. 78. However, Plaintiff has failed to file a response to the Motion. Defendant's Motion has now been pending for nearly 3 months with no response. The last filing this court received from Plaintiff was a motion he filed July 8, 2024. *See* ECF No. 70.

As such, it appears to the court that Plaintiff does not oppose Defendant's Motion and wishes to abandon his action against Defendant Enloe. *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (noting that a court deciding whether to dismiss a case under Fed. R. Civ. P. 41(b) must balance the policy of deciding cases on their merits against "sound judicial administration."  In so doing, the court must weigh: 1) plaintiff's responsibility for failure to prosecute, 2) prejudice to defendant from delay, 3) history of delay, and 4) effectiveness of lesser sanctions.); *see also Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (noting and applying *Davis* factors in dismissing case under Fed. R. Civ. P. 41(b)); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (same). Based upon the above, and taking into account the factors in *Davis*, *Ballard*, and *Chandler*, the undersigned recommends this action be dismissed with prejudice against Defendant for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO RECOMMENDED.**

October 24, 2024                                             Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).