IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jonathon Borrero, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:23-cv-01065-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Nurse Practitioner Amy Enloe, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jonathon Borrero, proceeding *pro se* and *in forma pauperis* (ECF No. 10), filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Following the court's order ruling on the motion to dismiss at docket entry 49, Defendant Nurse Practitioner Amy Enloe filed a motion for summary judgment, (ECF No. 74). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and warning Plaintiff of the consequences of not responding to the motion for summary judgment. (ECF No. 75). When Plaintiff failed to timely respond to the motion, on September 11, 2024, the magistrate judge issued another order, directing Plaintiff to advise the court whether he wishes to continue with his case and to file a response to the motion for summary judgment by October 11, 2024. (ECF No. 78). She further advised Plaintiff that if he failed to respond, she would recommend the action be dismissed with prejudice for failure to prosecute. *Id*. at 2. The motion for summary judgment, the *Roseboro* order, and the September 11, 2024 order were all mailed to Plaintiff at his last known address, (ECF Nos. 69; 74-4 at 1; 76; 79). Neither of the court's orders have been returned, so Plaintiff is presumed to have received them. Still, he has failed to respond to the motion.

1

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending this case be dismissed with prejudice for failure to prosecute. (ECF No. 80). The magistrate judge advised Plaintiff of his right to file objections to the Report. *Id*. at 3. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 81), and it has not been returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received it. Nevertheless, Plaintiff failed to file objections to the Report, and the deadline to do so has expired. The matter is now ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.

2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## CONCLUSION

Thus, having reviewed the Report, and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 80), which is incorporated herein by reference.  Accordingly, this action is hereby **DISMISSED with prejudice**.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 19, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Defendant Enloe's motion for summary judgment, (ECF No. 74), is therefore **DISMISSED** as **MOOT**.